[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-13574
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-02477-VMC-EAJ

KENNAN G. DANDAR,
DANDAR & DANDAR, P.A.,

Plaintiffs-Appellants,

versus

CHURCH OF SCIENTOLOGY FLAG SERVICE ORGANIZATION, INC.,
F. WALLACE POPE, JR.,
Wally,
JOHNSON POPE BOKOR RUPPEL & BURNS L.L.P.,
DAVID MISCAVIGE,

Defendants-Appellees,

ROBERT V. POTTER, JR.,

Defendant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(August 10, 2015)

Before ED CARNES, Chief Judge, HULL and ROSENBAUM, Circuit Judges.

PER CURIAM:

Kennan Dandar and Dandar & Dandar, P.A. (collectively "Dandar") appeal from the district court's dismissal of their 42 U.S.C. § 1983 suit against the Church of Scientology Flag Service Organization, Inc., et al. (the Church), seeking to enjoin a state court from imposing sanctions and costs against Dandar. On appeal, Dandar argues that the district court erred in dismissing the declaratory and injunctive claims based on Younger[1] abstention because the state court does not have jurisdiction to impose sanctions against him, and the state court's proceeding is not "uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint Commc'ns, Inc. v. Jacobs, 134 S.Ct. 584, 588, 187 L.Ed.2d 505 (2013). Dandar also argues that the state proceeding is in bad faith and he will suffer irreparable injury if it is allowed to go forward, and therefore, Younger abstention is not appropriate. After a thorough review of the record, we affirm.[2]

## I.

This appeal presents the latest development in a long-standing dispute between Dandar and the Church. In 1997, Dandar represented the Estate of Lisa McPherson in a wrongful-death case against the Church in a Florida state court.

---

[1] Younger v. Harris, 401 U.S. 37 (1971).

[2] Dandar's unopposed motion to file a reply brief out of time is granted.

The case ultimately settled in 2004, and, as part of the settlement, Dandar agreed to refrain from "any adversarial proceedings of any description against the [Church] under any circumstances at any time." The settlement agreement provided that the state court overseeing the McPherson case would "retain jurisdiction to enforce the executory terms of this Confidential Settlement Agreement . . . ." Despite the settlement agreement, Dandar filed a wrongful-death action against the Church in 2009 in federal court on behalf of the Estate of Kyle Brennan.

The Church sought to enforce the terms of the McPherson settlement in state court, and Dandar moved to declare the settlement agreement void. The state court ordered Dandar to withdraw from the Brennan case, held him in contempt, and issued monetary sanctions.[3] While that dispute was on-going, Dandar filed the instant action in federal court under the Declaratory Judgment Act and 42 U.S.C. § 1983, seeking an injunction to prevent a final hearing in state court on damages connected to his violation of the settlement agreement. The Church moved to dismiss based on Younger abstention. The district court granted the motion with respect to Dandar's request for declaratory and injunctive relief and stayed

---

[3] Dandar filed an "involuntary motion to withdraw" in the Brennan case, which the federal district court denied. After the state court ordered Dandar to show cause why he should not be held in criminal contempt for failing to follow the court's order, the federal district court enjoined the state court's enforcement of the sanction order. This court reversed. See Estate of Brennan ex rel. Britton v. Church of Scientology Flag Service Org., 645 F.3d 1267, 1269 (11th Cir. 2011). The district court later granted summary judgment in favor of the Church in the Brennan case, and this court affirmed. See Estate of Brennan ex rel. Britton v. Church of Scientology Flag Service Org., 490 F. App'x 229 (11th Cir. 2012) (unpublished).

3

Dandar's § 1983 claim for damages pending completion of the state-court proceeding.

On appeal, this court vacated and remanded for reconsideration in light of the Supreme Court's decision in Sprint Communications, Inc.  In March 2014, the state court entered a final judgment, imposing sanctions, fees, and costs in excess of $1 million.  Dandar's appeal from the state-court order is pending.  (See Florida Second District Court of Appeal Docket No. 2D14-1511).

When the district court reconsidered the case on remand, it again concluded that abstention was appropriate.  The court found that the state-court proceeding was a "civil proceeding involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions."  Sprint Commc'ns, Inc., 134 S.Ct. at 591 (citations omitted).  The district court noted that the pending appeal in state court did not change its analysis because Dandar raised the issue of the state court's jurisdiction to sanction him in both the state-court and federal proceedings.  The district court further found that the additional abstention factors in Middlesex County Ethics Committee v. Garden State Bar Association, 457 U.S. 423 (1982), supported abstention, and that none of the exceptions to abstention, such as bad faith or irreparable injury, applied.  Accordingly, the court dismissed Dandar's claims for declaratory and injunctive relief, and stayed his claims for damages under § 1983.  This is Dandar's appeal.

II.

We review a district court's abstention decision for an abuse of discretion. 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). Federal courts have a "virtually unflagging obligation" to hear cases for which the courts have jurisdiction. Id. Thus, "non-abstention remains the rule." Id. The Younger abstention doctrine is "an extraordinary and narrow exception" to that rule. Green v. Jefferson Cnty. Comm'n, 563 F.3d 1243, 1251 (11th Cir. 2009) (internal citations omitted). The special circumstances that render abstention appropriate are limited to situations in which there is: (1) a parallel and pending state criminal proceeding; (2) a state civil enforcement proceeding; or (3) a state civil proceeding involving an order that is "uniquely in furtherance of the state courts' ability to perform their judicial functions." Sprint Commc'ns, Inc., 134 S.Ct. at 588, 591.

Once the court finds one of these exceptional circumstances is present, there are "additional factors" to be considered. Id. at 593 (citing Middlesex Cnty. Ethics Comm., 457 U.S. at 432). These include circumstances in which there is an ongoing state judicial proceeding that implicates important state interests and provides an adequate opportunity to raise federal challenges. Id.

Even if one of the three circumstances exists, and the Middlesex County factors favor abstention, Younger abstention is not appropriate when "(1) there is evidence that the state proceedings are motivated by bad faith; (2) irreparable

5

injury would occur; or (3) there is no adequate alternative state forum where constitutional issues can be raised." Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing Younger, 401 U.S. at 45, 53-54). To establish the bad faith exception, a litigant must make a substantial allegation that shows actual bad faith. Younger, 401 U.S. at 48. A litigant shows irreparable injury if a state law is "flagrantly and patently violative of express constitutional prohibitions." New Orleans Pub. Serv., Inc. v. Council of City of New Orleans, 491 U.S. 350, 366 (1989) (NOPSI). Finally, litigants need only be afforded an opportunity to fairly pursue their constitutional claims in state court in order for Younger abstention to be appropriate. Juidice v. Vail, 430 U.S. 327, 336 (1976). As long as the litigant is not procedurally prevented from raising the constitutional claims in state court and thereafter petitioning for a writ of certiorari in the United States Supreme Court, this exception to abstention is not triggered. Pompey v. Broward Cnty., 95 F.3d 1543, 1551 (11th Cir. 1996).

### III.

We conclude that the district court did not abuse its discretion in dismissing Dandar's claims for declaratory and injunctive relief under the Younger abstention doctrine. First, the court properly determined that there is a state civil proceeding involving an order that is "uniquely in furtherance of the state courts' ability to

6

perform their judicial functions." [4]  Sprint Commc'ns, Inc., 134 S.Ct. at 588, 591.

Here, there is a pending state proceeding involving enforcement of a settlement

agreement entered into in a state-court case.  And that settlement agreement

specifically provided that the state court retained jurisdiction to enforce its terms.

The state court is thus seeking to protect the viability of its mediation system. [5]  Cf.

Juidice, 430 U.S. at 329-30 (requiring abstention where state-court contempt

proceedings were pending because the "contempt power lies at the core of the

administration of a State's judicial system."); see also Pennzoil Co. v. Texaco, Inc.,

481 U.S. 1, 13-14 (1987) (concluding that abstention was required to enable a state

court to enforce its own orders).  For the district court to address claims that

question the manner in which a state court handles the enforcement of its orders

would directly cause the federal court to interfere with a state court's

administration of its duties.  See NOPSI, 491 U.S. at 359 (abstention is necessary

where a federal injunction would create an "undue interference with state

proceedings.").  Thus, the district court did not abuse its discretion when it found

that the case fell within one of the enumerated circumstances.  See Sprint

Commc'ns, Inc., 134 S.Ct. at 591.

---

[4]  Because the district court concluded that the third circumstance favoring abstention was present here, the court did not consider the second circumstance, that is, whether there was a state civil enforcement proceeding.  Sprint Commc'ns, Inc. 134 S.Ct. at 588, 591.

[5]  Florida Rule of Civil Procedure 1.730 permits a state court to impose sanctions to enforce the outcome of court-ordered mediation.

Next, having found that one of the three <u>Younger</u> abstention circumstances existed, the court properly applied the additional <u>Middlesex County</u> factors to determine whether abstention was appropriate.  In this case, the state proceedings are judicial in nature and represent important state interests, as state courts must be empowered to enforce their own orders and judgments.  Moreover, Dandar has had opportunities to raise his federal challenges in these state proceedings and there has been no procedural bar to his doing so.  <u>Pompey</u>, 95 F.3d at 1551.

Finally, none of the exceptions to abstention exist here.  Dandar has shown neither bad faith nor irreparable injury because his arguments for both essentially challenge the merits of the state-court proceedings, which we and the district court cannot reach because of the full faith and credit due the state court's determinations.  <u>Estate of Brennan ex rel. Britton v. Church of Scientology Flag Serv. Org., Inc.</u>, 645 F.3d 1267, 1276, n.5 (11th Cir. 2011) (citing 28 U.S.C. § 1738).  Accordingly, we affirm the district court's dismissal.

**AFFIRMED.**